IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| OKLAHOMA MERGE, LP, *et al.*, ) | Case No. 19-11808 (JTD)[1] |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Re: D.I. Nos. 27 & 642 (19-11164)** |

## MEMORANDUM OPINION AND ORDER

Grande Oil and Gas, Inc. ("**Grande**") filed a proof of claim against debtor Oklahoma Merge LP ("**Debtor**") for landman services allegedly rendered and unpaid (the "**Claim**").[2] Gaedeke Oil & Gas Operating, LLC ("**GOGO**"), Debtor's non-debtor affiliate, filed an objection to the claim (the "**Objection**"),[3] and subsequently filed a Motion for Summary Judgment (the "**Motion**")[4] seeking an order disallowing Grande's claim. During a pretrial conference, I requested supplemental briefing on the threshold issue of the Court's subject matter jurisdiction over this proceeding.[5] Having determined that jurisdiction is proper and having considered the merits of the parties' summary judgment submissions, I will grant the Motion and disallow the Claim.

---

[1] The docket for the lead case was changed from 19-11164 to 19-11808. Unless otherwise indicated, citations throughout this Opinion are to 19-11808.
[2] Grande filed two proofs of claims, discussed in further detail below. GOGO contests the propriety of the later filed claim, arguing it was improperly filed and that Grande's claim should be limited to the amount asserted in the first claim. As it is not necessary for me to resolve this issue in connection with this Motion, I will not do so and will simply use the term "Claim" to refer to both claims.
[3] Docket 19-11164, D.I. 642 (Claim Objection).
[4] D.I. 27.
[5] D.I. 47, 48.

## BACKGROUND

On August 12, 2019, Debtor filed a voluntary petition for relief under Chapter 11,[6] listing Grande as a creditor in its schedules.

On December 17, 2019, Grande filed its original proof of claim, which set forth a claim of $99,597.60 (the "**Original POC**").

On October 20, 2020, GOGO filed its objection to Grande's Claim.[7] GOGO objected to the proof of claim on several grounds, including that (i) the Claim is not an obligation of the Debtor; (ii) the services underlying the claim were improperly performed; (iii) Grande owes money to the Debtor that should be set off against the claim; and (iv) the claim is procedurally improper. GOGO further argues that Grande's Claim would more appropriately be resolved in connection with an already ongoing litigation between GOGO and Grande in federal court in Oklahoma.

On November 6, 2020, Grande filed an amended proof of claim (the "**Amended POC**"), setting forth a claim for $241,825.00, which reflected the removal of offsetting credits from the originally filed claim.[8]

On November 9, 2020, the Chapter 11 Trustee filed the Combined First Amended Joint Disclosure Statement and Plan of Reorganization (the "**Plan**").[9] The Plan provides that post-confirmation GOGO will be solely responsible for resolving and paying Grande's Claim and establishes a reserve for such purpose, to be funded solely by GOGO on the effective date.[10]

---

[6] D.I. 1.
[7] Docket 19-11164, D.I. 642.
[8] See Docket 19-11164, Proof of Claim No. 3-2. However, Grande later acknowledged that the amount asserted in the amended proof of claim was a mathematical error and that the correct amount of its claim is $224,515.00. As noted above, GOGO disputes the propriety of the Amended POC.
[9] Docket 19-11164, D.I. 664 (Plan).
[10] Docket 19-11164, D.I. 664, Section 11.3(j) and Section 12.4.

The Plan was confirmed on a consensual basis and the Confirmation Order was entered on December 8, 2020.[11]

Following confirmation and in advance of a trial on its Objection, GOGO moved for summary judgment asserting that Grande's claim should be disallowed because it is not a liability of the Debtor.[12] Grande opposed the Motion, arguing that Debtor is in fact liable, as it acknowledged when it listed Grande's debt on its schedules with no mention of it being disputed or contingent. Additionally, Grande argues, Debtor is liable under common law principles of contract such as delegation and ratification.

At the pretrial conference, upon learning that the Debtor has no apparent interest in the outcome of this proceeding, I questioned the parties about why this matter would not be more appropriately heard by the Oklahoma court, where similar proceedings are already pending between the parties. While counsel for GOGO indicated that GOGO would prefer just that and would not object if Grande sought to add the Claim to that case, counsel for the Debtor argued that this is the appropriate forum, stating:

> I don't believe that I will have the same rights and remedies in the District Court here in Oklahoma that I will have in bankruptcy court. I don't have a debtor who has already sworn under oath that it owes this amount. When I get back to Oklahoma that is going to be irrelevant at that point if I am just chasing GOGO. I have got a claim against Merge on behalf of my client and I am entitled to assert that claim and be paid on it out of a reserve that was set-up under the plan of reorganization which I specifically did not object to confirmation on the basis that this reserve was setup and that I would have the right to pursue my claim. If I had any inkling that I would be litigating that particular issue in Oklahoma Court I would have objected to that and asked that the claim objection proceed against the debtor and not have this strange settlement agreement that, frankly, I'm not a party to. That is between Chambers and Merge, the debtor, decided on that not

---

[11] Docket 19-11164, D.I. 709, Order (I) Approving Combined First Amended Joint Disclosure Statement And Plan Of Reorganization For The Debtors Proposed By The Chapter 11 Trustee As Containing Adequate Information On A Final Basis And (II) Confirming Combined First Amended Joint Disclosure Statement And Plan Of Reorganization For The Debtors Proposed By The Chapter 11 Trustee (the "**Confirmation Order**").
[12] D.I. 27.

me. I didn't object to that because I understood that I would be able to proceed with my claim objection and have all the rights and remedies that I have on a claim in bankruptcy rather than just a contract claim in District Court that certainly has a different set of issues.[13]

## DISCUSSION

I. **Subject Matter Jurisdiction**

Before I can address the merits of the Motion, and because my exchange with counsel at the pretrial conference led me to question whether subject matter jurisdiction was proper here, I begin by discussing the basis for this Court's jurisdiction over this matter.

"Pursuant to 28 U.S.C. §§ 1334 and 157, bankruptcy courts have subject matter jurisdiction over four types of matters, pending referral from the district court: '(1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11.'" *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 621 (Bankr. D. Del. 2016) (quoting 28 U.S.C. § 157). "Cases falling under the first three categories are typically referred to as core proceedings, whereas proceedings 'related to' a case under title 11 are designated as non-core proceedings." *In re Millennium Lab Holdings II, LLC*, 562 B.R. at 621. The Third Circuit has held that a matter is "core" if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991) (quoting *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir. 1990). Section 157(b) sets forth a non-exhaustive list of the types of matters that are considered "core" proceedings. See 28 U.S.C. § 157(b)(1)(B).

"Distinctions between 'arising under,' 'arising in' (both core) and 'related to' (non-core) proceedings are not relevant to a determination of subject matter jurisdiction when the

---

[13] D.I. 43 at 18.

proceeding has been filed before plan confirmation." *In re Penson Worldwide, Inc.*, 587 B.R. 6, 12 (Bankr. D. Del. 2018). "Post-confirmation, however, bankruptcy jurisdiction over non-core proceedings narrows; it exists only if there is 'a close nexus to the bankruptcy plan or proceeding.' In contrast, in core proceedings the close nexus test does not apply; bankruptcy jurisdiction remains the same as it was pre-confirmation." *Penson*, 587 B.R. at 12.

Grande maintains that this matter is a core proceeding because, as a claim objection, it falls squarely within Section 157(b)(2)(B) (which includes in its list of core proceedings those that deal with "allowance or disallowance of claims against the estate."). 28 U.S.C. § 157(b)(2)(B).[14] GOGO disagrees, arguing that although the literal wording of the statute seems to make it directly applicable, Section 157(b) must be interpreted in conjunction with the general limitations on a bankruptcy court's subject matter jurisdiction. Specifically, GOGO argues that because the Confirmation Order transfers any liability for Grande's Claim to GOGO, the Claim is no longer against the estate and therefore not properly before this Court. I disagree.

There is no dispute that, at the time both the Claim and the Objection were filed, this matter was "statutorily core." As an objection to a proof of claim filed against the Debtor, it both falls within the list of core proceedings contained in Section 157(b) and is also a claim that "could only arise in the context of a bankruptcy case." See *In re Exide Techs.*, 544 F.3d 196, 206 (3d Cir. 2008) (noting the importance of both applying the terms of the statute and looking to the underlying nature of the claim to determine whether, given the constitutional constraints on bankruptcy jurisdiction, the claim should be considered a core proceeding). At the time of filing, therefore, subject matter jurisdiction was proper. It was not until the effective date of the Plan that any potential liability for the claim was transferred to GOGO. The question then becomes:

---

[14] D.I. 47

did this subsequent event change what was a core proceeding into a non-core proceeding or otherwise divest the Court of jurisdiction? The answer is no.

It is a "longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (quoting *Mullen* v. *Torrance*, 22 U.S. 537, 539 (1824)); see also *In re SemCrude, L.P.*, 428 B.R. 82, 96 (Bankr. D. Del. 2010) ("The general rule is that subject matter jurisdiction is based on the state of facts that existed at the time an action is filed."). Additionally, and generally speaking, "'if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.'" *In re Genesis Pediatric Dev. LLC*, 2008 Bankr. LEXIS 5027, at *6 (Bankr. S.D. Tex. Jan. 18, 2008) (quoting *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996)). "If this were not the standard in bankruptcy proceedings, a debtor who was discontented with the activity of his pending adversary proceeding could orchestrate a dismissal of the bankruptcy case and move the proceeding out of federal court." *Id.*

Section § 1334 grants original and exclusive jurisdiction to district courts (and by virtue of referral, bankruptcy courts) in "all civil proceedings, arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. "Post- confirmation, a bankruptcy court retains jurisdiction over more than just ensuring that the plan becomes consummated." *In re Tannen Towers Acquisition Corp.*, 235 B.R. 748, 754 (D.N.J. 1999) (citing *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 555 (3d Cir. 1999)). "[N]othing in the language of 28 U.S.C. § 1334 even remotely suggests that confirmation of a plan of reorganization in a chapter 11 case alters the basic jurisdictional analysis for bankruptcy cases and proceedings." *In re Holly's, Inc.*, 172 B.R. 545, 554 (Bankr. W.D. Mich. 1994). Applying these principles here, I conclude that jurisdiction is proper.

While GOGO argues that this matter does not now pass the "close nexus" test that applies when determining a bankruptcy court's post-confirmation jurisdiction because any payment on the Claim following confirmation would not come from the estate, this test is not applicable to core proceedings. As the Third Circuit has explained:

> [T]he "close nexus" standard only applies for the purposes of determining whether a federal court has jurisdiction over a non-core "related to" proceeding in the post-confirmation context. Appellants seem to believe that any time a party files a case post-confirmation, the "close nexus" test is triggered. This is plainly not the case. While courts may choose to rely on "related to" jurisdiction because it is the broadest category of federal bankruptcy jurisdiction when examining their own jurisdiction, it certainly is not incumbent upon them to do so, because, as occurred here, a party may argue and a court may decide that a proceeding falls within one of the narrower categories of jurisdiction, such as "arising in" jurisdiction, in which case the "related to" jurisdiction and the corresponding "close nexus" test are not implicated.

*Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 260 (3d Cir. 2007) (internal citations omitted). Accordingly, because I have determined that this matter is a core proceeding, it is unnecessary for me to determine whether the "close nexus" test is satisfied or if "related to" jurisdiction exists.[15] *Cottonwood P'ship, L.L.P. v. Kivisto (In re SemCrude L.P.)*, No. 11-1174-SLR, 2012 U.S. Dist. LEXIS 163236, at *10 (D. Del. Nov. 15, 2012) ("Because the motion to enjoin presents a core issue, the court does not need to determine whether there was related-to jurisdiction."); *Touch Am. Holdings, Inc.*, 401 B.R. 107, 118 (Bankr. D. Del. 2009)

---

[15] Though if called upon to do so, I would conclude that there is also "related to "jurisdiction here for two reasons. First, the matter requires me to resolve an objection to a proof of claim filed against the Debtor, which, "affects an integral aspect of the bankruptcy process." See *In re Resorts Int'l Inc.*, 372 F.3d 154, 167 (3d Cir. 2004); *see also In re WorldCom, Inc.,* 2009 Bankr. LEXIS 1136 (Bankr. S.D.N.Y. May 19, 2009) ("The claims allowance process is central to the administration of any bankruptcy estate."). Second, resolution of this matter requires me to interpret the Confirmation Order, which the Third Circuit has suggested would constitute a sufficiently close nexus to support post-confirmation jurisdiction. *See In re Resorts Int'l, Inc.*, 372 F.3d at 168-69 ("But where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation bankruptcy court jurisdiction is normally appropriate.").

("Because I have determined that the issues before me are core bankruptcy issues, I am not required to address the 'close nexus' test.").

The cases cited by GOGO in support of a contrary conclusion (none of which are binding precedent) are not persuasive, as they all either involve claims or actions that were initiated post-confirmation or merely stand for the proposition that the parties cannot confer subject matter jurisdiction on the Court through the confirmation order.[16] Although this matter is only now being heard, it was filed pre-confirmation and is based on events that occurred pre-confirmation. Cases evaluating jurisdiction over claims that either arose post-confirmation or were filed post-confirmation are therefore not relevant. For all these reasons, I find that subject matter jurisdiction is proper. I will now turn to the merits of the Motion.

## II.     Summary Judgment

Federal Rule of Civil Procedure 56(a), made applicable to this action by Bankruptcy Rule 7056, provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R Civ. P. 56). The existence of some factual dispute will not defeat summary judgment; rather, the requirement is that no *genuine* issue of *material* fact exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp.*, 477 U.S. at 327. A genuine dispute of material fact exists only if a reasonable trier of fact could enter a verdict in favor of the non-

---

[16] D.I. 46 at 5-6 (citing cases). While counsel for Grande argued at the pretrial conference that jurisdiction is proper here because of the provision contained in the Confirmation Order that states this Court will have continuing jurisdiction, it is well settled that such provision cannot confer jurisdiction upon a court where there otherwise would be none. *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004) ("Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction 'cannot be conferred by consent' of the parties.").

moving party. *See Anderson*, 477 U.S. at 252; *Celotex Corp.*, 477 U.S. at 327 (holding that when a movant's evidence demonstrates the lack of a genuine issue the burden shifts to the opposing party to demonstrate the existence of a genuine issue for trial).

The crux of GOGO's Motion is that Grande's Claim should be disallowed because it was improperly asserted against the Debtor, since the work was performed for GOGO.[17] Grande opposes the Motion, arguing that because Grande was directed by an agent of GOGO to resubmit its invoices to the Debtor, which it did, the Debtor is either directly liable to Grande or became liable under either the doctrine of ratification or delegation.

In considering an objection to a proof of claim, I begin where I must, with the applicable provision of the Code. Section 502(b)(1) provides:

> **(a)** A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.
>
> **(b)** [I]f such objection to a claim is made, the court . . . shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, **except to the extent that**—
>
>   **(1) such claim is unenforceable against the debtor and property of the debtor**, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C.S. § 502 (emphasis added).

As the plain language of Section 502 provides, a claim is only allowed to the extent it is enforceable against the debtor and the property of the debtor. As noted above, while this matter comes before me post-confirmation, both the Claim and the Objection were filed pre-confirmation. Had I been asked to consider the matter pre-confirmation, the focus of my inquiry would have been on what the facts showed regarding whether the liability rested with the Debtor

---

[17] GOGO raises additional arguments, but I need not address them to resolve the Motion.

or GOGO. But now, post-confirmation, I must consider whether the Confirmation Order affected the parties' pre-confirmation rights and liabilities.

My review of the Plan and the Confirmation Order leads me to conclude that it was the intention of the parties (or at least the Debtor and GOGO) to establish that post-confirmation, liability for Grande's Claim, if any, would rest solely with GOGO. Specifically, Section 11.3(j) of the Plan provides that:

> **Gaedeke shall be solely responsible for resolving and paying the Claims asserted by Grande Oil and Gas, Inc. against PWR [Proof of Claim No. 2] and Oklahoma Merge [Proof of Claim No. 3] (together, the "Grande Claims") pursuant to Plan Section 11.8.** Gaedeke shall have the right to object to the allowance and payment of the Grande Claims on any legal basis, including by asserting any Claims held by the Estates of PWR and Oklahoma Merge, which shall be deemed transferred, conveyed and assigned to Gaedeke by Debtors' Estates on the Effective Date, and to propose settlement of any such claims, subject to approval of the Court. **For the avoidance of doubt, neither the Debtors' Estates nor the Prepetition First Lien Secured Parties shall bear any responsibility for payment of the Grande Claims.**[18]

To effectuate this provision, a reserve was established in the full amount of Grande's Claim, which was fully funded by GOGO. Paragraph 11 of the Confirmation Order, addressing this reserve, provides that the reserve is "not property of the Debtors' Estates."[19]

What these provisions make clear is that whatever the Debtor's liability may have been on the Claim at the time it was filed, it has no liability now – post-effective date. Consequently, Grande's argument in opposition to the Motion, that liability for the Claim rests with the Debtor,

---

[18] Docket 19-11164, D.I. 664 (Plan) (emphasis added).
[19] Docket 19-11164, D.I. 709, ¶ 11 (Confirmation Order). Paragraph 11 states in full:
    11. <u>Grande Claims Reserve</u>. On the Effective Date, Gaedeke shall transfer $241,825.00 to the Trustee for the purpose of funding the Grande Claims Reserve. The Grande Claims Reserve shall be a segregated account and not property of the Debtors' Estates, and shall be maintained by the Plan Administrator and used solely for the payment of the Allowed Claim of Grande Oil and Gas, Inc. ("Grande"), if any, pursuant to Section 12.4 of the Combined Disclosure Statement and Plan. All funds remaining in the Grande Claims Reserve after payment of the Allowed Claim of Grande, if any, shall be paid to Gaedeke.

10

amounts to a collateral attack on the Confirmation Order, which is precluded by the doctrine of *res judicata*.[20]

As the Third Circuit has explained:

> When a bankruptcy court enters a confirmation order, it renders a final judgment. That judgment, like any other judgment, is res judicata. It bars all challenges to the plan that could have been raised. Challengers must instead raise any issues beforehand by objecting to confirmation. A plan's preclusive effect is a principle that anchors bankruptcy law: A confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation.

*In re Arctic Glacier Int'l, Inc.*, 901 F.3d 162, 166 (3d Cir. 2018) (internal quotations and citations omitted); *see also In re Galluzzo*, No. 06-15392-SLM, 2018 Bankr. LEXIS 2436, at *58-59 (Bankr. D.N.J. Aug. 14, 2018) ("As a final judgment on the merits, confirmation precludes re-litigation of any issue actually litigated by the parties, any issue necessarily determined by the confirmation order, and all issues that could have been decided at the confirmation hearing."); *In re Contempri Homes*, 247 B.R. 135 (Bankr. M.D. Pa. 2000) (U.S. Trustee's post-confirmation motion to compel fees barred by *res judicata* and collateral estoppel as inconsistent with the terms of the confirmation order); *see also* 11 U.S.C. § 1141(a) (provisions of a confirmed plan bind the debtor and any creditor, whether the claim or interest of such creditor is impaired under the plan and whether such creditor has accepted the plan).

Here, Grande made no formal objection to entry of the Confirmation Order, though it had ample opportunity to do so. Accordingly, it is now bound by the provisions of both the Order and the Plan, which plainly provide that Grande's Claim is no longer enforceable against the

---

[20] The issue of *res judicata* was not addressed by the parties but is appropriately raised *sua sponte* in this matter. See 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.").

Debtor or the property of the Debtor.[21] The Claim therefore fails to meet the requirements of Section 502(b)(1) and must be disallowed. The Motion is therefore GRANTED and the Objection is SUSTAINED.

It is SO ORDERED.

Dated: July 13, 2022

_____
JOHN T. DORSEY, U.S.B.J.

---

[21] This should not, however, have any effect on Grande's ability to pursue its claim against GOGO in another court. As GOGO acknowledged both during argument at the pretrial conference and in the briefing submitted on the question of abstention, it has no objection to Grande amending its pleadings in the Oklahoma Action to add the claims that are the subject of its proofs of claim here. D.I. 43 at 17-18 ("[W]e don't have any problem with allowing him to amend – to assert those claims in that litigation."); D.I. 52 ("Should this Court abstain, Gogo would not object to the Grande Claim being included in the Oklahoma Action.").